IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 21-CR-00618-2 |
| ) | |
| ) | |
| CHARLES LIGGINS, a/k/a ) | |
| "C Murda", KENNETH ROBERSON, ) | |
| a/k/a "Kenny" and "Kenny Mac" ) | |
| TACARLOS OFFERD, a/k/a "Los," ) | |
| CHRISTOPHER THOMAS, a/k/a ) | |
| "C Thang," and ) | |
| MARCUS SMART, a/k/a "Muwop" ) | |

**MOTION TO PRESENT JUROR QUESTIONNAIRE AND
TO ASK ADDITIONAL *VOIR DIRE* QUESTIONS**

NOW COMES Kenneth Roberson, by the undersigned counsel, requesting that this Court allow a juror questionnaire to be presented, and/or that the attorneys be allowed to follow up on matters addressed on the questionnaire during *voir dire*. In support of this request, Defendant states the following:

1. This case involves several alleged crimes, and will likely include testimony about narcotics, violence and weapons.

2. This case has also received extensive media coverage.

3. Given the nature of the allegations, and the depth of information that would reasonably assist in selecting a fair jury for both sides, Mr. Roberson submits the attached questionnaire to accomplish that goal (Exhibit A). Most of the questions a court commonly includes in a questionnaire or asks the jurors are included in Defendant's proposed questions.

Neither document is intended to be exclusive, meaning, depending on the answers to the questionnaire, Defendant anticipates additional *voir dire* follow-up questions will be needed.

4. Jury selection is an extraordinarily important aspect in the fair trial of any charge but often glossed over.

5. "In any proceeding, *voir dire* must be adequate to ensure an impartial jury and due process so that the trial is fair. Thus, in selecting a jury, a trial court must take measures adapted to the intensity, pervasiveness, and character of the pretrial publicity in community animus." *Skilling v. U.S.,* 561 U.S. 358, 439 (2010). And while the trial court has broad discretion in deciding how *voir dire* is to be conducted and what to ask, "that discretion is 'subject to the essential demands of fairness', *Aldridge v. United States,* 283 U.S. 308 (1931); *United States v. Gui,* 924 F.2d 702, 707 (7th Cir. 1991)"; *Tyus v. Urban Search Management,* 102 F.3d 256 (7th Cir. 1996).

6. It is important that we determine which jurors can be fair and impartial. "Without an adequate *voir dire*, the trial judge's responsibility to remove prospective jurors will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled." *Rosales-Lopez v. U.S.,* 451 U.S. 1892 (1981).

7. Jury selection typically requires people to answer questions about their lives, and to honestly express their opinions, in a room full of complete strangers. It is an inherently intimidating process. Mr. Roberson's proposed questionnaire includes matters that some jurors may feel uncomfortable answering because of pressure, public viewpoints, fear of public speaking, nerves, or otherwise.

8. A jury questionnaire is an effective method of obtaining background information and critically important personal information. The Federal Judicial Center has sample juror questionnaires on their website, implicitly recognizing the importance of the benefit they provide

to the court and litigants. The American Bar Association similarly recognizes the importance of juror questionnaires. Alternatively, Defendant requests the questions on the questionnaire be asked during *voir dire*, in addition to the *voir dire* questions.

9. This jury questionnaire and additional *voir dire* will benefit both sides. Both have the right to intelligently exercise their preemptory challenges. Use of a questionnaire and additional *voir dire* questions will provide full and accurate information from which all parties may intelligently exercise their preemptory strikes.

Wherefore, Defendant Roberson respectfully requests that this Honorable Court allow the jury questionnaire and for such further and other relief as is just under the circumstances.

Respectfully Submitted,

By: *s/ Steven A. Greenberg*
    One of Defendant's Attorneys

**Steven Greenberg**
**GREENBERG TRIAL LAWYERS**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL 60604**
**(312) 879-9500**
*Steve@GreenbergCD.com*

**Cheryl T. Bormann**
**Law Offices of Cheryl Bormann**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL  60604**
**(312) 588-5011**
*Cheryl.T.Bormann@gmail.com*