IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 21-CR-00618-2 |
| | ) | |
| CHARLES LIGGINS, a/k/a | ) | |
| "C Murda", KENNETH ROBERSON, | ) | |
| a/k/a "Kenny" and "Kenny Mac" | ) | |
| TACARLOS OFFERD, a/k/a "Los," | ) | |
| CHRISTOPHER THOMAS, a/k/a | ) | |
| "C Thang," and | ) | |
| MARCUS SMART, a/k/a "Muwop" | ) | |

**DEFENDANT KENNETH ROBERSON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant KENNETH ROBERSON, by and through his attorneys, Cheryl Bormann and Steven Greenberg, pursuant to Rule 29 of the Federal Rules of Criminal Procedure and at the close of all evidence, submits this memorandum of law in support of his oral motion for acquittal made on December 21, 2023. Specifically, and without waiving any arguments related to deficiencies in proof or otherwise made on December 21, 2023, Mr. Roberson focuses the below legal arguments on the allegations that he committed the charged offenses "for the purpose of maintaining and increasing position in O-Block" as charged in all counts of the Superseding Indictment:

The Superseding Indictment, Document 120, charges Kenneth Roberson in seven counts with various violations related to events of August 4, 2020. All counts

1

allege violations of 18 U.S.C. §1959(a), the so-called VCAR statute.

In each of the seven counts, the Government is required to prove beyond a reasonable doubt that the O Block street gang existed on August 4, 2020, that O Block was an enterprise, that the O Block enterprise engaged in racketeering, that Mr. Roberson was a member of O-Block enterprise, and that that he committed the acts of murder, conspiracy to commit murder, assault with a dangerous weapon on Victim 1, and assault with a dangerous weapon on Victim 2 (hereinafter all referred to as crimes of violence) "for the purpose of maintaining and increasing position in O-Block." Counts two, five and seven allege firearms related enhancements of the underlying crimes of violence.

For purposes of the memorandum, Mr. Roberson will focus on the legal support for his motion as it applies to the Government's allegations that Mr. Roberson and others were "members and associates of the O-Block street gang" and that Mr. Roberson committed acts of violence "for the purpose of maintaining and increasing position in O-Block." Superseding Indictment, Document 120.

At the close of the evidence, it is undisputed that Mr. Roberson is not and has never been a member of O Block street gang. There was no evidence adduced at trial, testimonial or documentary, that Mr. Roberson was a member of the O Block street gang. To the contrary, all of the Government's witnesses asked to testify on the matter stated that Mr. Roberson was a member of the Dipset street gang – not O Block. Eady Transcript testimony, pgs. 4685-86; Wiley testimony, Transcript pgs. 6058-6066; and Roberson Exhibit 9: Video clip of interview of Martell Wiley. See also Government

opening "And defendant Roberson, an O-block associate, called O-block his second home. And he included O-block in his Instagram profile along with his gang, Dipset, and other gangs..." Transcript, pg. 3028.

At the close of all evidence, there exists no proof that the Dipset street gang is in any way associated with the O Block street gang. No witness has testified that Dipset was "cliqued up" with O Block. To the contrary, Government cooperator Martell Wiley testified that Dipset was affiliated with the Gangster Disciples and was considered an "opp" (opposition) of the O Block street gang. Wiley testimony, Transcript pg. 6065. Additionally, Government cooperator Montrell Eady testified that Dipset was not "cliqued" with O Block. Eady testimony, Transcript pg. 4703.

It is therefore clear that the Government intends to rely upon the argument that Mr. Roberson is a so-called "associate" of O Block. The law does not permit conviction of Mr. Roberson as an "associate" under 18 U.S.C. §1959(a) when the Government has alleged that Mr. Roberson committed acts of violence "for the purpose of maintaining and increasing position in O-Block.". *United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir. 1992); *United States v. Polanco*, 145 F.3d 536 (2d Cir. 1998); *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir.2001).

In *United States v. Polanco*, 145 F.3d 536 (2d Cir. 1998), the "government specifically indicted and prosecuted Polanco on the theory that Polanco killed Cargil for the purpose of maintaining or increasing his position in the Red Top Crew. (citations omitted)." *Polanco* at 539. Polanco contended on appeal "that the government failed to prove that Polanco had a position in the Red Top Crew and,

3

therefore, that Cargil's murder could not have been intended to maintain or increase his position in the Red Top Crew." *Id* at 540. The Red Top Crew was a drug trafficking enterprise that was separate and distinct from the Palanco Enterprise in which Defendant Polanco did hold a position. *Id*. The government argued that Polanco had a position in the Red Top Crew because Polanco "supplied them weapons" and was therefore associated with the Red Top Enterprise. *Id*. The Second Circuit agreed with Polanco: "Because Polanco was not a member of the Red Top Crew, Cargil's murder could not have been committed for the purpose of maintaining or increasing Polanco's position in the Red Top Crew (footnote omitted)." *Id*. Like the instant case, the Government in Polanco could have charged the defendant, under a separate part of the statute, with committing Cargil's murder for pecuniary interest (the hitman scenario) or for the purpose of gaining entrance into the Red Top Crew but they did not. *Id*. Palanco's conviction under 18 U.S.C. §1959(a) was reversed.

In *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir.2001), the Court discusses the "motive" requirements of 18 U.S.C. §1959 prosecutions: "Section 1959 punishes defendants who commit violent crimes in aid of racketeering activity, and it contains a motive requirement. See 18 U.S.C. § 1959(a)." *Ferguson* at 134. Under 18 U.S.C. §1959, a defendant's motive must be receiving payment or promise of payment of anything of pecuniary value from the racketeering enterprise or the motivation must be "gaining entrance to or maintaining or increasing position" in the enterprise. *Id*. "The scope of a pecuniary motive is fairly self-explanatory. With respect to the two other motives, "[s]elf-promotion need not have been the defendant's only, or even his

4

primary, concern, if [the criminal act] was committed 'as an integral aspect of membership' in the enterprise (citations omitted)." *Id.*

In *Ferguson*, the Government alleged that Ferguson had committed an act of violence, the shooting of a man named Ayala, for the purpose of gaining entrance to or maintaining/increasing his status in the Power Rules Enterprise. *Id.* at 135. At trial, like here, the Government introduced no credible evidence that Defendant Ferguson was a member of the Power Rules street gang. *Id.* Instead, the Government argued on appeal that Ferguson "was closely affiliated with Power Rules and acted with Power Rules members, using guns that gang leader Guzman supplied, to kill Ayala in order to protect the gang's core drug business." *Id.* Specifically, the Government posited that "Ferguson's motive was his affiliation with the gang "and his desire to maintain and enhance his close association with its leaders." *Id.* In agreeing with the trial judge who dismissed the VCAR count against Defendant Ferguson, the Second Circuit noted that while "Ferguson need not have been a formal Power Rules member for criminal liability under Section 1959 to attach, there must be evidence that he acted with the expectation of gaining membership (citations omitted), or in furtherance of an intimate involvement with the enterprise. *Id.* at 136.

Like the *Polanco* and *Ferguson* cases discussed above, the Government in this case must Government must prove beyond a reasonable doubt two issues related to Mr. Roberson motivation in committing the acts of violence alleged: 1) that Mr. Roberson is a member of and maintains a role in the O-Block enterprise; and 2) that Mr. Roberson committed the violent acts of August 4, 2020 "because he knew it was

5

expected of him by reason of his membership in the enterprise or that he committed it in furtherance of that membership." *United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir. 1992).

Clearly, the motivation elements in a VCAR case pertain to a defendant's own motivations. The cases cited to *supra* hold, consistent with congressional intent, that the Government must prove "integral" membership in the enterprise. In the 1983 Senate Judiciary Committee Report on "miscellaneous violent crime amendments" which included sections 1958 (interstate murder-for-hire) and 1959 (VCAR), the Committee explored the common goals and differences between sections 1958 and 1959:

> This Part of [the amendments] proscribes murder and other violent crimes committed for money or other valuable consideration or **as an integral aspect of membership in an enterprise engaged in racketeering**.... The offenses set forth in this Part are related but distinct. The first [ § 1958] is limited to murder and punishes the travel in interstate or foreign commerce or the use of the facilities of interstate or foreign commerce ... as consideration for the receipt of anything of pecuniary value, with the intent that a murder be committed. The second [ § 1959] extends to murder, kidnapping, or serious assault committed for anything of pecuniary value or for the purpose of gaining entrance into or maintaining or increasing one's position in an organized crime group.

S. Rep. No. 225, 98TH Cong., 1ST Sess. 1983, 1983 WL 25404 (Leg.Hist.) **3182 at 3484, found at

https://www.fd.org/sites/default/files/criminal_defense_topics/essential_topics/sentencing_resou

rces/deconstructing_the_guidelines/legislative-history-of-the-comprehensive-crime-control-act-of-1983.pdf at page 246. (emphasis added).

18 U.S.C. §1959 requires proof of the defendant's motivation in committing the crimes of violence—in this case the charged murder of Carlton Weekly and the assaults of Davon Brinson and Cashae Williams. The Government must prove beyond a reasonable doubt that the defendant committed the offenses to maintain or increase his status in the charged O Block enterprise. It should go without saying, but Mr. Roberson will say it anyway: one cannot "maintain or increase" one's status in an organization without first holding a position in the organization.

Beyond the legal precedents that prohibit a VCAR conviction of Mr. Roberson based upon his alleged association or affiliation with O Block, the evidence adduced by the Government actually contradicts this prohibited theory. Government coooperator Martell Wiley testified that "Kenny Mac's not at all affiliated with O-Block". Wiley testimony, Transcript pg. 6066.

Even if the Government had met its burden of proving that Mr. Roberson was a member of O-Block, there has not been a scintilla of proof that Mr. Roberson participated in the August 4, 2020 shooting of Mr. Weekly "for the purpose of maintaining and increasing position in O-Block." Absent any evidence that Mr. Roberson possessed the prohibited motivation, the prosecution can't suggest to the jurors that they guess or speculate.

WHEREFORE, the defendant, Kenneth Roberson, by and through his attorneys, Cheryl Bormann and Steven Greenberg, hereby request this Honorable Court issue a judgment of acquittal on all Counts contained in the indictment.

    Respectfully submitted,

    KENNETH ROBERSON,
    Defendant

    By: *s/ Cheryl Bormann*

    One of His Attorneys

**Steven Greenberg**
**GREENBERG TRIAL LAWYERS**
**53 W. Jackson Blvd., Suite 315**
**Chicago, Illinois 60604**
**(312) 879-9500**
***Steve@GreenbergCD.com***

**Cheryl T. Bormann**
**Law Offices of Cheryl Bormann**
**53 W. Jackson Blvd., Suite 315**
**Chicago, IL 60604**
**(312) 588-5011**
***Cheryl.T.Bormann@gmail.com***

## **CERTIFICATE OF SERVICE**

I, Cheryl T. Bormann, an attorney, certify that I served a copy of the foregoing Kenneth Roberson's Memorandum in Support of Motion for Acquittal by filing the same using the CM/ECF System, and that a copy will be provided to all parties of record designated to receive notice.

/s/Cheryl T. Bormann

Cheryl T. Bormann

Law Office of Cheryl T. Bormann

53 W. Jackson Blvd.

Suite 315

Chicago, Il 60604

312-588-5011

4